**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GELVER MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., as Trustee for GINNIE MAE REMIC TRUST 2009-006; NATIONSTAR MORTGAGE, as Servicer; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>　　　　　Defendants. | Civil Action No.: 15-8926 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of the Motion to Dismiss Pro-Se Plaintiff Gelver Martinez's Complaint filed by Defendants Nationstar Mortgage LLC ("Nationstar") and Mortgage Electronic Registration Systems, Inc. ("MERS"), and joined by Defendant Bank of America, N.A., as Trustee for Ginnie Mae Remic Trust 2009-006 ("BOA") (collectively "Defendants"). (ECF No. 12.) Jurisdiction is premised on diversity under 28 U.S.C. § 1332. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss and dismisses Plaintiff's Complaint with prejudice.

## BACKGROUND[1]

On December 18, 2008, Plaintiff executed a negotiable promissory note to First Residential Mortgage Services ("First Residential") in the amount of $323,819.00 (the "Note") and Plaintiff granted a mortgage (the "Mortgage") to MERS, as nominee of First Residential, its successors and assigns, secured by the property at 125 Market Street Passaic, New Jersey (the "Property") (collectively the "Loan") (ECF No. 1, Complaint ("Compl.") ¶¶ 1, 19-21; *see also* ECF No. 12-3, Certification of Fay Janati ("Nationstar Cert."), Ex. A (Note), Ex. B (Mortgage).)[2] According to Defendants, Plaintiff defaulted on the Loan on or about March 1, 2013. (Nationstar Cert. ¶ 5.) The Mortgage was assigned by MERS, as nominee of First Residential, its successors and assigns, to Bank of America, N.A. ("BANA") by Assignment of Mortgage dated April 30, 2013; BANA then assigned the Mortgage to Nationstar on June 20, 2013. (*Id.* ¶¶ 8, 9 and accompanying exhibts.)

On September 5, 2014, Nationstar commenced a foreclosure action in the Superior Court of New Jersey, Chancery Division, Passaic County, under Docket Number F- 037080-14 (the "Foreclosure Action"). (*See* Bailey Certif. ¶ 4; *id.* Ex. B.) Plaintiff filed an Answer, Counterclaim, and Cross-Claim on October 16, 2014. (*Id.* ¶ 5; *id.* Ex. C.) On May 5, 2015, Plaintiff filed a motion for summary judgment in the Foreclosure Action, and Nationstar cross-moved. (*Id.* ¶¶ 6, 7; *id.* Exs. D, E.) On June 26, 2015, Hon. Margaret Mary McVeigh, P.J.Ch., heard oral argument and denied Plaintiff's motion for summary judgment and granted Nationstar's cross-motion for

---

[1] This background is derived in part from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

[2] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and internal quotation marks omitted)).

summary judgment. (*Id.* ¶ 8; *id.* Ex. F.)

According to Defendants, on November 13, 2015, Plaintiff signed a Modification Agreement, ratifying and modifying the Mortgage Loan. (*Id.* ¶ 9; *id.* Ex. G.) Under the terms of the modified Loan, Plaintiff was to commence payments on January 1, 2016. (*Id.*)

On December 30, 2015, Plaintiff filed the operative two-count Complaint against Defendants relating, generally, to the purported securitization of the Loan. (*See* Compl.). Count one alleges breach of contract with respect to alleged violation of the pooling and service agreement while count two seeks declaratory relief pertaining generally to the chain of title and the right of Defendants to foreclose. (*Id.*)

On February 16, 2016, Defendants filed the instant motion to dismiss. (*See* ECF No. 12-10 ("Mov. Br.").) Plaintiff opposed the motion (ECF No. 13 ("Opp. Br.")) and Defendants replied (ECF No. 14 ("Reply Br.")). The matter is now ripe for adjudication.

## LEGAL STANDARD

Defendants seek to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and/or failure to state a claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. There are differing standards of review under each. *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (citing cases).

### A. Rule 12(b)(1) – Subject Matter Jurisdiction

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Unless affirmatively

3

demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Pa.. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman*, 45 F. Supp. 2d at 428. When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the Rule 12(b)(1) motion is a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen* 549 F.2d at 891). On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen* 549 F.2d at 891.

Here, Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is a factual attack because it challenges the "actual facts" that support jurisdiction, and not merely how those facts were pled. *See Pa. Shipbuilding Co.*, 473 F.3d at 514. Accordingly, the Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists. *Id.* (citation omitted).

## B. Rule 12(b)(6) – Failure to State a Claim

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Third Circuit has held that the Court can review the record of prior actions between the parties and take judicial notice of same in considering a motion to dismiss. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

5

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

## ANALYSIS

### A. The *Rooker-Feldman* Doctrine Deprives This Court of Jurisdiction

Defendants move to dismiss Plaintiff's Complaint on the grounds that it is barred by the *Rooker–Feldman* doctrine. (Mov. Br. at 5-9.) Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker–Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court foreclosure decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres–Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

6

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and they are "closely related." *Id.* at 166, 168.

The first and third prongs are clearly met in the instant action: Plaintiff lost in the State Court Foreclosure Action and that judgment was rendered on June 30, 2015—prior to Plaintiff's filing of the instant action in this Court on December 30, 2015.

The second and fourth prongs are also satisfied here. Based upon nearly identical factual circumstances, the Third Circuit held in *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013) that the second and fourth prongs were met and that *Rooker–Feldman* barred jurisdiction. Similar to the Plaintiff here, "Gage defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court" which ultimately ruled in Wells Fargo's favor. *Id.* at 50. Gage filed a complaint in federal court challenging the foreclosure judgment and sheriff's sale. *Id.* The district court subsequently granted Wells Fargo's motion to dismiss and held that the claims were barred under the *Rooker–Feldman* doctrine. *Id.* In affirming, the Third Circuit held that all four prongs of the *Rooker–Feldman* test were satisfied and stated that:

> Gage cannot evade *Rooker–Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no

> right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the *Rooker–Feldman* doctrine.

*Id.* at 51.

For the same reasons, the Court finds that the second and fourth requirements are met here and that Plaintiff's claims are barred by *Rooker–Feldman*. The gravamen of Plaintiff's Complaint is that Defendants had no right or standing to foreclose on the Property. (*See, e.g.*, Compl. ¶ 109 (stating that "none of the Defendants have standing to enforce the Mortgage"); ¶ 145 (alleging that "all Defendants are estopped and precluded from asserting a secured or unsecured claim against the Subject Property"); ¶ 164 (stating that "Defendants do not have standing to even attempt to foreclose on the property").) Plaintiff seeks compensatory damages and declaratory relief related to Defendants' right to foreclose on the Property, and he specifically asks "[f]or a declaration that any foreclosure based on Plaintiff's Loan be deemed and declared illegal and void." (Compl. at 26). It is thus "abundantly clear" that Plaintiff's Complaint is "in essence an attack on the state court judgment of foreclosure." *Gage*, 521 F. App'x at 51. Adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the State Court Foreclosure Action. "This type of action is exactly what *Rooker–Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure and various other orders from a state court action in a separate federal court action." *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014).

8

For these reasons, the Court finds that it does not have jurisdiction over Plaintiff's Complaint.

### B. To the Extent Plaintiff's Complaint Presents a Claim That Does Not Directly Attack the State-Court Judgment, It Fails to State a Claim Upon Which Relief May Be Granted

Assuming this Court had jurisdiction, Plaintiff's Complaint would nevertheless fail. Plaintiff's complaint is premised on the theory that Defendants securitized Plaintiff's loan after the mortgage and note were executed, but before the foreclosure action. (*See* Compl. ¶¶ 83, 85 ("Plaintiff alleges that the Loan has been converted into a security and the Note and Mortgage have been permanently severed. Plaintiff alleges that if the Loan was sold, turned into a security, and pooled, the certificate holder(s) may no longer claim that they are a real party in interest.").) Such conduct arguably falls outside the scope of *Rooker–Feldman* since it involves conduct unrelated to the legal right to foreclose. *See Cuevas v. Wells Fargo Bank, N.A.*, No. 15-3384, 2016 WL 759651, at *2 (3d Cir. Feb. 25, 2016). However, even taking these allegations as true, they are too conclusory and speculative to survive a motion to dismiss. *Id.* (affirming dismissal of factually similar complaint). Furthermore, it is clear within this District that a mortgagor does not have standing to allege than an assignment between two third parties is invalid. *See, e.g., Eun Ju Song v. Bank of America N.A.*, No. 14-3204, 2015 WL 248436, at *2 (D.N.J. Jan 20, 2015). Plaintiff does not contest this point in his opposition.[3] Accordingly, to the extent that any of

---

[3] Although arguably beyond the scope of the Court's review at this stage of the litigation, the Court notes that it appears as though Plaintiff signed a Modification Agreement, ratifying and modifying the Mortgage Loan, on November 13, 2015. (*See* Bailey Cert. ¶ 9; *id.* Ex. G.) Defendants contend that Plaintiff has therefore waived any claims as to who holds or owns the Note or which entity is entitled to enforce the Mortgage. Because the Court finds that the Complaint is subject to dismissal on other grounds, it need not comment on this; rather, it is simply noted for completeness sake.

Plaintiff's Complaint would not be barred by *Rooker–Feldman* it nevertheless fails to state a claim upon which relief can be granted.

### C. Dismissal With or Without Prejudice

Rule 15(a)(2) provides that leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a court may deny leave to amend when such amendment would be futile"—*i.e.*, "the amended complaint would not survive a motion to dismiss for failure to state a claim." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (citations omitted).

Here, the Court finds that amendment would be futile because Plaintiff lacks standing to assert any claims not otherwise barred by *Rooker–Feldman*. Accordingly, the Court dismisses Plaintiff's Complaint with prejudice. *See Cuevas v. Wells Fargo Bank, N.A.*, No. 15-3384, 2016 WL 759651, at *2 (3d Cir. Feb. 25, 2016) (affirming dismissal with prejudice of factually similar Complaint).

### CONCLUSION

For the reasons above, the Court grants the Motion to Dismiss. (ECF No. 12.) Plaintiff's Complaint is dismissed with prejudice. An appropriate Order accompanies this Opinion.

DATED: March 22, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE