**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GELVER MARTINEZ,<br><br>                Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., as Trustee for<br>GINNIE MAE REMIC TRUST 2009-006;<br>NATIONSTAR MORTGAGE, as Servicer;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.<br><br>                Defendants. | Civil Action No.: 15-8926 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

      This matter comes before the Court by way of Pro-Se Plaintiff Gelver Martinez's Motion for Reconsideration. (ECF No. 18.) Mr. Martinez asks the Court to reconsider the Opinion and Order dated March 22, 2016, in which the Court granted the Motion to Dismiss filed by Defendants Nationstar Mortgage LLC ("Nationstar") and Mortgage Electronic Registration Systems, Inc. ("MERS"), and joined by Defendant Bank of America, N.A., as Trustee for Ginnie Mae Remic Trust 2009-006 ("BOA") (collectively "Defendants"). (ECF Nos. 15, 16.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## BACKGROUND[1]

On December 18, 2008, Plaintiff executed a negotiable promissory note to First Residential Mortgage Services ("First Residential") in the amount of $323,819.00 (the "Note") and Plaintiff granted a mortgage (the "Mortgage") to MERS, as nominee of First Residential, its successors and assigns, secured by the property at 125 Market Street Passaic, New Jersey (the "Property") (collectively the "Loan") (ECF No. 1, Complaint ("Compl.") ¶¶ 1, 19-21; *see also* ECF No. 12-3, Certification of Fay Janati ("Nationstar Cert."), Ex. A (Note), Ex. B (Mortgage).)[2] According to Defendants, Plaintiff defaulted on the Loan on or about March 1, 2013. (Nationstar Cert. ¶ 5.) The Mortgage was assigned by MERS, as nominee of First Residential, its successors and assigns, to Bank of America, N.A. ("BANA") by Assignment of Mortgage dated April 30, 2013; BANA then assigned the Mortgage to Nationstar on June 20, 2013. (*Id.* ¶¶ 8, 9 and accompanying exhibts.)

On September 5, 2014, Nationstar commenced a foreclosure action in the Superior Court of New Jersey, Chancery Division, Passaic County, under Docket Number F- 037080-14 (the "Foreclosure Action"). (*See* Bailey Certif. ¶ 4; *id.* Ex. B.) Plaintiff filed an Answer, Counterclaim, and Cross-Claim on October 16, 2014. (*Id.* ¶ 5; *id.* Ex. C.) On May 5, 2015, Plaintiff filed a motion for summary judgment in the Foreclosure Action, and Nationstar cross-moved. (*Id.* ¶¶ 6, 7; *id.* Exs. D, E.) On June 26, 2015, Hon. Margaret Mary McVeigh, P.J.Ch., heard oral argument and denied Plaintiff's motion for summary judgment and granted Nationstar's cross-motion for

---

[1] This background is derived in part from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

[2] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and internal quotation marks omitted)).

summary judgment. (*Id.* ¶ 8; *id.* Ex. F.)

According to Defendants, on November 13, 2015, Plaintiff signed a Modification Agreement, ratifying and modifying the Mortgage Loan. (*Id.* ¶ 9; *id.* Ex. G.) Under the terms of the modified Loan, Plaintiff was to commence payments on January 1, 2016. (*Id.*)

On December 30, 2015, Plaintiff filed the operative two-count Complaint against Defendants relating, generally, to the purported securitization of the Loan. (*See* Compl.). Count one alleges breach of contract with respect to alleged violation of the pooling and service agreement while count two seeks declaratory relief pertaining generally to the chain of title and the right of Defendants to foreclose. (*Id.*)

On February 16, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint. (ECF No. 12). On March 22, 2016, the Court granted the motion, and dismissed Plaintiff's Complaint with prejudice. (ECF Nos. 15, 16.) The Court first concluded that the *Rooker–Feldman* doctrine stripped it of jurisdiction because adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of a state court decision, in which the state court ruled in favor of Defendants. (*See* ECF No. 15 at 6-8.) Additionally, the Court held that to the extent that Plaintiff's claims were not barred by *Rooker–Feldman*, they failed to state a claim for relief because Plaintiff lacked standing. (*Id.* at 9-10.)

On April 4, 2016, Plaintiff filed the instant motion for reconsideration. (ECF No. 18 ("Mov. Br.").) On April 18, 2016, Defendants filed opposition. (ECF No. 19 ("Opp. Br.").) The matter is now ripe for adjudication.

3

## LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## ANALYSIS

Although in his moving brief Plaintiff accurately sets forth the legal standard for a motion for reconsideration in this district, he fails to allege specific grounds for granting the motion. Instead, Plaintiff "requests that the Order be set aside and Plaintiff be given an additional fifteen (15) days from the granting of this motion to amend the Complaint specific to addressing the issues in the order issued[.]" (Mov. Br. at 2.) Plaintiff then goes on to discuss case law from the Sixth Circuit regarding standing to challenge assignment of a mortgage, which is not binding on this Court. (*Id.* at 2-3.)

Plaintiff does not, however, suggest that there was (1) an intervening change in *controlling* law; (2) that new evidence is available; or that there is (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). In fact, Plaintiff does not discuss this Court's conclusion that the *Rooker–Feldman* doctrine stripped this Court of jurisdiction because adjudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of a state court decision, nor does Plaintiff challenge the Court's conclusion that, to the extent that Plaintiff's claims were not barred by *Rooker–Feldman*, they failed to state a claim for relief because Plaintiff lacked standing. Again, although Plaintiff discusses case law related to standing from the Sixth Circuit, he does not tie it to the facts of his case or this Court's Opinion.

In short, Plaintiff's mere citation to non-binding case law does not suffice to meet his burden in showing entitlement to the requested "extraordinary remedy," which should be granted "very sparingly." *Friedman*, 2012 WL 3146875, at *2.

## CONCLUSION

For the reasons above, the Court denies Plaintiff's motion for reconsideration. (ECF No. 18.) An appropriate Order accompanies this Opinion.

DATED: May 10, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE